UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LOUIS TAYLOR,

    Plaintiff,

v.

SHERRY BURT, et al.,

    Defendants.

_____/

Case No. 1:16-cv-9

HON. JANET T. NEFF

# **OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's Eighth and Fourteenth Amendment claims. Defendants filed a motion for summary judgment (ECF No. 64). Plaintiff filed a motion objecting to Defendants' use of his deposition (ECF No. 55). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Plaintiff's motion be denied, Defendants' motion be granted, and this action terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff makes three objections to the Report and Recommendation. First, Plaintiff objects to the Magistrate Judge's recommendation to deny his "Objection to the Use of Deposition Testimony" (Pl. Obj., ECF No. 84 at PageID.590; R&R, ECF No. 79 at PageID.570). Plaintiff

reiterates his request for a copy of his deposition at no charge, citing his "indigent status," or in the alternative, to "stop Defendants from using the deposition" (ECF No. 84 at PageID.590). The Magistrate Judge determined that Plaintiff's request was not supported by case law indicating that Plaintiff is responsible for his own litigation expenses (ECF No. 79 at PageID.570). The Magistrate Judge also pointed out that Defendants had not introduced or otherwise relied upon Plaintiff's deposition testimony in support of their summary judgment motion (*id.*). Plaintiff's objection reveals no error in either basis for the Magistrate Judge's recommendation, and the objection is therefore properly denied.

Second, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff failed to show he was not afforded procedural due process (Pl. Obj., ECF No. 84 at PageID.591; R&R, ECF No. 79 at PageID.573). Plaintiff argues "[i]t is not enough to hold a hearing. The hearing decisions must conform to the edits [sic] of the policy, rules and regulations governing the hearing" (ECF No. 84 at PageID.592). Specifically, Plaintiff asserts that Defendants "should have . . . held a hearing for the issuance of a SPON [Special Problem Offender Notice]" and that "[t]he Magistrates finding that there was a hearing provided on the issuance of a SPON is incorrect" (*id*. at PageID.596-597). Plaintiff misstates the Magistrate Judge's findings and misunderstands the procedural due process requirements. As the Magistrate Judge properly determined, even assuming Plaintiff has a protected liberty interest in the particular security classification, Plaintiff was afforded an opportunity to be heard, satisfying the Fourteenth Amendment requirements (ECF No. 79 at PageID.573).

Finally, Plaintiff objects to the Magistrate Judge's recommendation on his Eighth Amendment claim (Pl. Obj., ECF No. 84 at PageID.604; R&R, ECF No. 79 at PageID.575). Plaintiff asserts "[t]he Magistrate Judge did not take into consideration that Plaintiff does not and

cannot be expected to know the 'real' [name] let alone the nickname of every prisoner residing at MCF Correctional Facility" (ECF No. 84 at PageID.604). However, Plaintiff's general assertion does not demonstrate error or warrant rejecting the Magistrate Judge's ultimate conclusion that Plaintiff did not establish that Defendants failed to act reasonably in this matter (ECF No. 79 at PageID.575). Therefore, this objection is also properly denied.

In sum, Plaintiff's objections fail to demonstrate any factual or legal error by the Magistrate Judge. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Further, a Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 84) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 79) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 64) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's "Objection to Defendants Use of a Deposition" (ECF No. 55) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the Judgment would not be taken in good faith.

Dated: September 25, 2017  /s/ Janet T. Neff
JANET T. NEFF
United States District Judge